**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11728

Non-Argument Calendar

_____

DAVID W. LANGLEY,
DAVID W. LANGLEY P.A.,

*Plaintiffs-Appellees,*

*versus*

LIZA HAZAN,
   a.k.a. Liza Hazan,
SEAN NEIL MEEHAN,

*Defendants-Appellants.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cv-21172-EIS

_____

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Elizabeth Hazan and Sean Meehan, pro se, removed this action from state court. On April 24, 2025, the district court entered an order: (1) remanding the action both for lack of subject matter jurisdiction and as untimely filed and (2) granting the plaintiffs' motion for attorney's fees, though it left unresolved the amount pending a further motion from the plaintiffs. On October 7, 2025, the court entered an order denying Hazan and Meehan's motion to reconsider the remand. They filed a notice of appeal that challenges both orders.

A jurisdictional question ("JQ") asked the parties to address whether we have jurisdiction to review those orders.

Upon review of the record and the response to the JQ, we conclude that we lack jurisdiction over both the April 24, 2025 remand order and the October 7, 2025 order denying the motion for reconsideration. We lack jurisdiction to review the district court's remand order because the district court based its remand on a lack of subject matter jurisdiction, Hazan and Meehan did not remove the action under 28 U.S.C. §§ 1442 or 1443, and the amount of attorney fees has not yet been determined. *See* 28 U.S.C. § 1447(d) (providing that we lack jurisdiction to review a district court's remand order); *id.* §§ 1442, 1443; *New v. Sports & Recreation,* 114 F.3d 1092, 1095-96 (11th Cir. 1997) (holding that, even when "clearly erroneous," a remand order based on lack of subject matter jurisdiction is unreviewable); *contrast Legg v. Wyeth*, 428 F.3d 1317, 1319-20 (11th Cir. 2005) (explaining that Section § 1447(d) does not bar review of the district court's awarding of attorney's fees and costs,

25-11728                Opinion of the Court                3

even if the remand order is otherwise barred), *with Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty. Fla.*, 947 F.3d 1362, 1370-71 (11th Cir. 2020) (holding that an order which finds a party liable for attorney's fees and costs without determining the amount is not a final order).  Similarly, we lack jurisdiction to review the district court's order denying reconsideration of the remand order because that order denied reconsideration of the attorney's fee ruling, which is unreviewable until the amount of fees has been determined.  *See Sabal*, 947 F.3d at 1370-71.

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.